UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-20118-CIV-MARTINEZ/GOODMAN

LAZY LEE, LLC,

    Plaintiff,

v.

LAZY LEE PRODUCTS LLC d/b/a
LOGICAL DESIGN CONCEPTS, et al.,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION FOR SANCTIONS

United States District Judge Jose E. Martinez referred [ECF No. 23] to the Undersigned Defendants' Motion for Sanctions (the "Motion") [ECF No. 20] against Plaintiff. The Undersigned has reviewed the Motion, Plaintiff's response in opposition [ECF No. 25], Defendants' reply [ECF No. 32], and the other relevant portions of the record. For the reasons set forth below, the Undersigned **denies** Defendants' Motion.[1]

---

[1]    A United States Magistrate Judge has the authority to enter an order denying sanctions (as opposed to a report and recommendations). *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 683 n.2 (S.D. Fla. 2012) (internal citations omitted).

**I.     BACKGROUND**

On November 19, 2014, Plaintiff sent a letter to Defendants requesting that "[Defendants] should stop infringing upon the registered mark 'Lazy Lee' on their websites and in any publication materials whatsoever . . . ." [ECF No. 8, p. 43].

On January 13, 2015, Defendants received another letter from Plaintiff. [ECF No. 14-2]. In this letter, Plaintiff stated that it would "be applying for a temporary restraining order prohibiting [Defendants] from infringing the mark 'Lazy Lee' . . . ." [*Id*.]. Plaintiff requested that Defendants remove the infringed mark from their website and printed materials for the upcoming Kitchen and Bath Industry Show ("KBIS"), which was to take place from January 20, 2015 to January 22, 2015. [*Id*.]. Additionally, Plaintiff requested that Defendants *confirm their compliance in writing*. [*Id*.]. Defendants' counsel's response to the letter explained that they would follow up with their client. [*Id*. at p. 15].

The Defendants began removing the term 'Lazy Lee' from the marketing materials and website that same evening. [ECF No. 14-1, p. 6]. Before noon on January 14, 2015, Defendants had removed the term from all marketing materials and the website. [*Id*.]. However, Defendants *did not notify* Plaintiff of their compliance with the January 13, 2015 letter. [ECF No. 25, pp. 2-3]. On January 15, 2015, Plaintiff filed its Emergency Motion for Temporary Restraining Order ("TRO"). [ECF No. 8]. On January

16, 2015, the Court docketed a Notice Setting Hearing for January 20, 2015. [ECF No. 12].

Defendants filed their Response in Opposition to Plaintiff's TRO (the "Response") on January 20, 2015 -- the *day of the hearing*. [ECF No. 14]. In the Response, Defendants argued that the Court should deny Plaintiff's TRO because Defendants complied with the January 13, 2015 letter, leaving nothing to be enjoined. [*Id*. at p. 12]. The hearing went forward, and the Court denied Plaintiff's TRO as moot. [ECF No. 17]. Furthermore, the Court entered an Agreed Order in which Defendants agreed to not use the term for the duration of the KBIS. [*Id*.].

On February 9, 2015, Defendants filed the instant Motion, contending that the Court should award them attorney's fees and costs pursuant to 28 U.S.C. § 1927 and the Court's inherent power. [ECF No. 20]. Plaintiff filed a response in opposition to the Motion [ECF No. 25], and Defendants thereafter filed their reply [ECF No. 32].

II.   **APPLICABLE LEGAL PRINCIPLES**

   A.  **Sanctions Under 28 U.S.C. § 1927**

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Specifically, a court will permit sanctions under Section 1927 if (1) the attorney "engage[d] in unreasonable and vexatious conduct[,]" (2)

the conduct multiplied the proceedings, and (3) "the amount of the sanction [does not] exceed the costs occasioned by the objectionable conduct." *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010); see also *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1237 (11th Cir. 2007).

A party should not construe this section as a "catch-all" for sanctioning objectionable conduct by counsel. *Peterson v. BMI Refractories*, 124 F.3d 1286, 1396 (11th Cir. 1997). A court will deem an attorney's conduct unreasonable and vexatious "only when [it] is so egregious that it is 'tantamount to bad faith.'" *Peer*, 606 F.3d at 1314 (quoting *Amlong*, 500 F.3d at 1239). Furthermore, a court will use an objective standard in determining whether an attorney acted in bad faith. *Amlong*, 500 F.3d at 1241. The standard is satisfied when an attorney "knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Schwartz v. Million Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). Thus, negligent conduct -- what a reasonable attorney would do in like circumstances -- does not amount to sanctionable conduct under Section 1927. *Id*. The attorney must "willfully abuse the judicial process by conduct tantamount to bad faith." *Id*.

### B. Sanctions Under the Court's Inherent Power

The Court may also impose sanctions under its inherent power. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). "The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). The threshold

4

of bad faith under a court's inherent power "is at least as high as the threshold of bad faith conduct for sanctions under 28 U.S.C. § 1927." *Amlong*, 500 F.3d at 1252. A party has acted in bad faith when: (1) "an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent[,]" or (2) "[a] party . . . delay[s] or disrupt[s] the litigation or hamper[s] enforcement of a court order." *Barnes*, 158 F.3d at 1214. Nevertheless, courts should exercise this power with restraint and discretion. *See Chambers*, 501 U.S. at 43.

### III. ANALYSIS

First, Defendants seek sanctions against Plaintiff pursuant to Section 1927. [ECF No. 20, p. 1]. As a threshold matter under Section 1927, Defendants must first establish that the sanctionable conduct is "unreasonable and vexatious." *Peer*, 606 F.3d at 1314. Defendants claim that Plaintiff recklessly pursued a frivolous argument by filing the TRO motion. [ECF No. 20]. Specifically, Defendants assert that Plaintiff should have contacted them or checked Defendants' website prior to filing the TRO motion. [*Id*. at p. 2]. If Plaintiff had done so, Defendants argue, then it could have discovered that the TRO was unnecessary.

Defendants thus seek sanctions for Plaintiff's failure to contact them prior to filing the TRO motion even though Plaintiff *explicitly requested* that Defendants "*confirm in writing*" their compliance with the January 13, 2015 letter. [ECF No. 14-2] (emphasis added). Defendants finished the "laborious and costly" process of removing the mark

5

less than forty-eight hours after receiving Plaintiff's letter. [ECF No. 20, p. 2]. Because the KBIS began on January 20, 2015, Defendants should have known that a TRO motion was imminent. Rather than notifying Plaintiff of their timely compliance (by way of letter, email, phone call, fax or any other form of communication), Defendants remained silent. In fact, Plaintiff first became aware of Defendants' compliance in the Response filed *on the day of the hearing* and the KBIS. [ECF No. 14]. Accordingly, Defendants' argument that *Plaintiff* acted unreasonably or vexatiously is unpersuasive.

In addition to seeking sanctions for the filing of the TRO motion itself, Defendants also seek sanctions under Section 1927 because Plaintiff's counsel went forward with the TRO hearing after being made aware of Defendants' compliance. However, Plaintiff's counsel's conduct does not fulfill the bad faith requirement to warrant sanctions under the section. The Undersigned does not find it unreasonable or vexatious to attend a hearing on a TRO motion when Plaintiff only became aware of compliance on the morning of the hearing by way of an 80-page brief (including exhibits). Plaintiff requested, in its cease and desist letter, written notice of compliance. Defendants were asked to perform the very simple task of sending an email or a letter via mail indicating compliance; Defendants did not do this. Instead, Defendants engaged the litigation, filing an extensive brief with lengthy exhibits *the morning of the scheduled hearing*, rather than sensibly reaching out to Plaintiff's counsel to resolve the matter in a reasonable, cost-effective manner.

Defendants additionally seek sanctions under the Court's inherent power. However, for the very same reasons stated above concerning Section 1927, the Undersigned declines to enter sanctions against Plaintiff pursuant to the Court's inherent power. Plaintiff's conduct clearly did not rise to the requisite level of bad faith that warrants sanctions.

Finally, Defendants claim (haphazardly), *in their **Reply** brief*, that Plaintiff's conduct warrants sanctions under Rule 11 of the Federal Rules of Civil Procedure. [ECF No. 32, p. 2]. Local Rule 7.1(c) provides that the reply memorandum "shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law." **A party may not raise new arguments in a reply memorandum.** *See Intra-Lock Int'l, Inc. v. Choukroun*, No. 14-CV-80930, 2015 WL 1268278, at *1 (S.D. Fla. Mar. 19, 2015). Here, Defendants raise the argument that Plaintiff's conduct is sanctionable under Rule 11 for the first time in their reply brief. Because Defendants should have raised this argument in their initial motion, the Undersigned will not consider it.[2]

---

[2] Furthermore, *even if* the Undersigned were to consider a Rule 11 argument here, Defendants themselves have presented no evidence of their **own** compliance with the prerequisites of that Rule, such as the "safe harbor" provision, which puts the onus on the movant to first serve opposing counsel -- but not file the motion -- in order to provide counsel the opportunity to remedy any challenged filing before facing sanctions from the Court. Fed. R. Civ. P. 11(c)(2). Defendants' haphazard Rule 11 arguments in the reply *do not* refer to any attempted compliance with the safe harbor provision.

### IV. CONCLUSION

For the foregoing reasons, the Undersigned **DENIES** Defendants' Motion for Sanctions.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, July 1, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All Counsel of Record